RECEIVED
MAY 0 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MICHAE A. HILL MAJOR | CIVIL ACTION NO. 06-2321 |
| VS. | JUDGE MELANÇON |
| REGIONS FINANCIAL CORP.<br>REGIONS BANK | MAGISTRATE JUDGE METHVIN |

## JURISDICTIONAL REVIEW RULING

As required by a standing order of this court, the undersigned has reviewed the record and concludes that the jurisdictional amount has been established in this diversity case.

Plaintiff, Michae A. Hill Major, is the widow of Van Pierre Major, who died on November 1, 2005 at the age of 54. Defendant Regions Bank is the successor-in-interest to the Bank of New Roads ("BNR"). Mr. Major was elected to the Board of Directors of BRN in 1982, on which he served until March 31, 1995, at which time BNR was acquired by Regions pursuant to a merger between the two bank holding companies. While serving as a director of BNR, BNR established a non-tax qualified plan of deferred compensation (the "Agreement") that permitted Mr. Major to defer all compensation and fees he earned for his work as a director of BNR until the time of his death, discharge, or retirement.

The Agreement also provided a death benefit at the time of Mr. Major's death. Plaintiff was designated by Mr. Major as the primary beneficiary of any and all death benefits that Regions would be obligated to pay under the Agreement. To provide for such death benefits, BNR purchased an insurance policy on the life of Mr. Major as a Director of BNR from Mutual of New York Life Insurance Company ("MONY"), with a face value of $1.1 million. The policy was in full force and effect on the date of Mr. Major's death on November 1, 2005.

2

At the end of each year, Regions prepared a Summary of Plan Benefits under the Agreement, which fixed the death benefit at 15 annual payments of $63,121.00. The Agreement called for a cumulative payout to plaintiff of $946,815.00 over 15 years in the event of Mr. Major's death before his retirement from the Board.

Plaintiff contends that, in December 2004, Regions knew that her husband's death from an inoperable malignancy was imminent, and that, without informing her or Mr. Major, Regions dropped her husband from the Board of Directors of Regions, thereby reclassifying his status under the Agreement and reducing the annual payments Regions was obligated to pay her from the $63,121.00 death benefit to a $23,730.00 "life benefit." Plaintiff contends that neither Regions nor its plan administrator ever advised Mr. Major during his lifetime that it had unilaterally dropped him from the Board of Directors so that it would only be obligated to pay him life benefits, rather than death benefits. Plaintiff sues Regions Financial Corporation and Regions Bank seeking recovery of the entire death benefit under theories of detrimental reliance, unjust enrichment, breach of contract, wrongful conversion, and unfair trade practices. Plaintiff also seeks to recover the wages earned by Mr. Major during his 23 years as a Director of BNR/Regions, which amounts to nearly $300,000.00 and which was deferred by agreement until his death, discharge, or retirement. Plaintiff also seeks damages, penalties, and attorneys' fees under the Wage Payment Act, LSA-RS §23:631-32.

3

Considering the foregoing, the undersigned concludes that the jurisdictional amount has been established in this case.

Signed at Lafayette, Louisiana on May 7, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 5/7/07
BY: CW
TO: mem

Mem: C:\WPDOCS\JAR\062321.Major.JAR.Ruling.wpd5/3/07